# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD CIRIMELE, | ) | 1:06-cv-00335-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS TO |
| v. | ) | DISMISS PETITION FOR WRIT OF HABEAS |
| | ) | CORPUS  (Doc. 1) |
| | ) | |
| WARDEN D. SMITH, et al., | ) | ORDER REQUIRING OBJECTIONS TO BE |
| | ) | FILED WITHIN TWENTY DAYS |
| Respondents. | ) | |
| | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant federal petition on March 27, 2006.  (Doc. 1).  The petition indicates that on August 31, 2004, Petitioner was sentenced to 46 months in prison with five years of supervised release, following his plea of guilty to a violation of 21 U.S.C. §§ 846 and 841(b)(1), in the United States District Court for the Northern District of Georgia.  (Doc. 1, p. 3). Petitioner alleges he is presently confined at the Federal Prison Camp at Atwater, California with a projected release date of December 31, 2007.[1]  (Id.).

Petitioner contends that a term of supervised release constitutes an "enhancement of the sentence imposed upon" Petitioner, thus "increasing the penalty for his offenses."  (Id.).  In imposing the term of supervised release, Petitioner alleges that the sentencing court made factual findings but that no provision for a term of supervised release was included in the original

---

[1] By letter filed  May 8, 2006, Petitioner notified the Court that his address changed to the Federal Prison Camp in Sheridan, Oregon.  (Doc. 5).

1

indictment on which Petitioner's criminal prosecution was based. (Id. at p. 4). Petitioner contends that under the U.S. Supreme Court's decision in Blakely v. Washington, 542 U.S. 961 (2004), the sentencing court could not have imposed this "enhancement" without such the fact supporting the enhancement having been found by a jury. (Id.).

Because the Court has determined that Petitioner's claim challenges his original sentence, and therefore should have been brought in the trial court as a motion pursuant to 28 U.S.C. § 2255, the Court will recommend that the instant petition be dismissed.

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-894 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-479 (3d Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-187 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980).

Here, Petitioner challenges the original sentence, arguing that the term of supervised release constitutes a sentence enhancement that is based upon facts that were decided by the trial court in violation of the U.S. Supreme Court's recent decisions that follow the seminal case of Apprendi v. New Jersey, 530 U.S. 466 (2000). Thus, Petitioner is challenging his sentence

itself, not the manner in which it is being executed. Accordingly, the proper vehicle for challenging a sentence is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not in a habeas corpus petition.

Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-865 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The Ninth Circuit has recognized that this is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9thh Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In this case, Petitioner admits that he has never filed a motion pursuant to § 2255. (Doc. 1, p. 1). Petitioner asserts that his plea agreement bars him from appealing or from filing a motion pursuant to § 2255, and that the sentencing court "requested" that he file his request for relief in the district in which he was confined. (Id.). However, Petitioner alleges only that the Northern District of Georgia "requested" that he not file a motion under § 2255. Petitioner does not allege that the sentencing court has prohibited him from filing such a motion. Moreover, it does not appear that Petitioner has ever filed such a motion in the sentencing court nor has he had a § 2255 motion rejected by the sentencing court because it is prohibited by the terms of his plea agreement. Thus, Petitioner has provided no basis upon which this Court could conclude that § 2255 is either inadequate and ineffective. Petitioner's unsupported assertion that § 2255 is

prohibited by his plea agreement is, at this point, speculation unless and until Petitioner actually utilizes that procedure and finds it foreclosed by the terms of his plea and thereafter provides the Court with evidence thereof.  Hence, should Petitioner wish to pursue this claim in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[2]

### RECOMMENDATIONS

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus (Doc. 1) be DISMISSED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 5, 2007**                        /s/ Theresa A. Goldner
                                                UNITED STATES MAGISTRATE JUDGE

---

[2] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*.  In this case, Petitioner was convicted and sentenced in the United States District Court for the Northern District of Georgia.  Thus, that court would be the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.